**FILED**
2008 Mar-31 PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 278-1700

Sharon N. Harris, Clerk

Joseph Phillips, Chief Deputy

March 31, 2008

**FILED**

APR 0 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:    Clerk, U.S. District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

In RE: Transfer of Supervision/Jurisdiction
USA v. DANIEL BARLOW
Our Case No. CR 5:02-CR-603-RBP-TMP

Dear Sir/Madam:

08 CR 249

Pursuant to 18 U.S.C. § 3605, I am enclosing herewith copies of the order transferring jurisdiction of the subject probationer or supervised release and the pleadings in the above-styled case, which I hereby certify to be true copies of the originals on file in this office.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

SHARON N. HARRIS, CLERK

By: /s/ D. Cooper
Deputy Clerk

Enclosures

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.

Case Number CR 02-PT-603-NE

DANIEL BARLOW
    Defendant.



### JUDGMENT IN A CRIMINAL CASE
#### (For Offense(s) Committed On or After November 1, 1987)

    The defendant, DANIEL BARLOW, was represented by Michael Hanle.

    The defendant pleaded guilty to count(s) 1. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 U.S.C. §§ 2113(a), 2113(d) and 2(a) | Armed Bank Robbery (Aiding and Abetting) | 1 |

    As pronounced on May 29, 2003, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) 1, which shall be due immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

    It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _____ day of _____, 2003.

_____
Senior United States District Judge

Defenda
Defenda
Defenda

IL 60617

TRUE COPY:

By: _D. Cooper_

TRUE COPY:

By: _____

37

Case 5:02-cr-00603-RBP-TMP    Document 37    Filed 06/02/2003    Page 2 of 7

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant: DANIEL BARLOW
Case Number: CR 02-PT-603-NE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIXTY-SIX (66) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By    _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment—Page 3 of 6

Defendant:  DANIEL BARLOW
Case Number:  CR 02-PT-603-NE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without the permission of the court or probation officer.
3) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case.  Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee.  If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program if and as directed by the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so), and/or (c)placed in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so).
(16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) at the direction of the probation officer.
(17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment if the probation officer determines that the defendant has the ability to do so), (c) placement in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so).
(18) The defendant shall cooperate in the collection of DNA if and as directed by the probation officer.

(19)  If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 4 of 6

Defendant:  DANIEL BARLOW
Case Number:  CR 02-PT-603-NE

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not incur any new debts (other than normal debts for utilities and rental expenses, or mortgage payments) or open any new lines of credit without permission of the probation officer unless the defendant is in compliance with the payment of any monetary obligations ordered.

2) The defendant shall participate, if and as directed by the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision). (See the Standard Conditions for a brief description of possible terms of such participation.)

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 5 of 6

Defendant:  DANIEL BARLOW
Case Number:  CR 02-PT-603-NE

### RESTITUTION AND FORFEITURE

#### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is/are victim(s) of defendant's criminal conduct and has/have sustained loss in the indicated amounts and orders restitution by the defendant, jointly and severally with co-defendants, name/unnamed as follows:

| Name & address of payee(s) | Amount |
| --- | --- |
| AmSouth Bank Re: 01-787 Daniel Barlow, P. O. Box 10105, Birmingham, AL 35203 | $80,541.00 |

Payments of restitution are to be made to Clerk, U. S. District Court, for transfer to the  payee(s).

Restitution is due and payable immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.  During the period of incarceration, defendant is to make payments of a minimum of $25.00 per quarter.

Upon release from imprisonment, any remaining balance shall be paid in equal monthly installments during the specified term of supervised release.

The defendant is to make monthly payments of during the period of supervision in accordance with the financial guidelines previously approved by the court for use in this district and administered by the probation office.

If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

Page __6__ of __6__

DFT: __Daniel Barlow_____

CR __02 - PT - 603 - NE_____


# STATEMENT OF REASONS

## NOT FOR PUBLIC DISCLOSURE

## YOU WILL RECEIVE A COPY BY MAIL

GS#30

AHM/MSB JAN. 2 003

IN THE UNITED STATES DISTRICT COURT

02 DEC 30  AM 10: 38

FOR THE NORTHERN DISTRICT OF ALABAMA

U.S. DISTRICT COURT
N.D. OF ALABAMA

NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CR-02-PT-0603-NE |
| DEVON MODACURE, | ) |
| WILLIAM BARLOW, and | ) |
| DANIEL BARLOW | ) |

## I N D I C T M E N T

COUNT ONE: [18 U.S.C. §2113(a), §2113(d) and §2(a)]

The Grand Jury charges that:

On or about the 16th day of May, 2001, in Madison County, within the Northern District of

Alabama, the defendants,

DEVON MODACURE,
WILLIAM BARLOW, and
DANIEL BARLOW,

did knowingly, intentionally, and unlawfully, by force, violence and intimidation take from the person

and presence of another, money, that is, approximately $100,000.00 in United States currency, belonging

to and in the care, custody, control, management, and possession of the AmSouth Bank N.A., the deposits

of which were then insured by the Federal Deposit Insurance Corporation, and in committing such

offense, the defendants did assault and put in jeopardy the life of another person, by the use of a

dangerous weapon, that is, a firearm, in violation of Title 18, United States Code, Sections 2113(a),

2113(d) and 2(a).

1

COUNT TWO: [18 U.S.C. § 924(c)(1)(A)(ii)]

     The Grand Jury charges that:

     On or about the 16th day of May, 2001, in Madison County, within the Northern District of Alabama, the defendant,

DEVON MODACURE,

did knowingly brandish a firearm, that is, a handgun, a further and better description of said firearm being unknown to the Grand Jury, during and in relation to a federal crime of violence for which he may be prosecuted in a court of the United States, that is, Armed Bank Robbery, as charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

A TRUE BILL

FOREMAN OF THE GRAND JURY

                                 ALICE H. MARTIN
                                 United States Attorney

                                 *Mary Stuart Burrell*
                                 MARY STUART BURRELL
                                 Assistant United States Attorney

TRUE COPY:

By: _D. Cooper_

**FILED**

FEB 27 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF ALABAMA

### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-02-PT-0603-NE |
| | ) | |
| DANIEL BARLOW | ) | |

### PLEA AGREEMENT AND CONDITIONS

The United States of America, the defendant and defendant's attorney each hereby acknowledges the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

I.  PLEA AGREEMENT: The United States and the defendant hereby AGREE to the following:

(a)  Plea: The defendant will plead guilty to Count One of the Indictment.

(b)  Understanding: Pursuant to Rule 11(e)(1)(B), Fed. R. Crim. P., and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will do the following:

(1)  The government recommends that the defendant be given a three-level reduction for acceptance of responsibility and be sentenced at the low end of the guideline range.   Premised on the defendant's cooperation as outlined herein, the United States may file a motion for departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and inform the court of his cooperation.  The determination of whether to file this motion is the sole discretion of the United States Attorney for the Northern District of Alabama or her designated Assistant United States Attorney. The government further reserves the full right of allocution.

DB 18

(c) <u>Factual Basis</u>:

At approximately 11.30 a.m., May 16, 2001, Devon Modacure, Daniel Barlow, and two other black males entered AmSouth Bank at 41 Hughes Road, Madison, Alabama. Devon Modacure and one of the other black males was armed with a handgun. Devon Modacure was dressed like a woman and the other individuals had on hoods and masks. The bank was occupied by five bank employees and one customer who came in as the bank was being robbed. As the robbers came into the bank, one of them jumped the counter and began taking cash from the drive thru teller window. Devon Modacure went to the teller window for the teller working the bank lobby. Another robber held the other bank employees at gunpoint while they were told to lay face down on the floor. The fourth robber watched the front door for anyone coming into the bank. Two bank employees were in the break room having lunch. After noticing the bank being robbed on the video monitors, they locked themselves in an employees' bathroom in the back of the bank.

After the robber who had jumped the teller counter had obtained all the cash in the teller cash drawers, which included a dye pack, he went to the room next to the teller windows where the vault was located. The vault was open due to a problem with the time delay device on the vault. The robber took cash from the vault and left by going back to the teller area and jumping back over the teller counter. As the robbers were leaving the bank, a customer was coming into the bank. The robbers forced the customer to the floor and told him not to leave.

The robbers entered a gray 1986 Buick Electra and left the bank parking lot. A witness observed red smoke coming from the car approximately one fourth of a mile from the bank making a left turn at the stoplight. The robbers threw a bag out of the car and continued west from Hughes Road. The witness saw money blowing out of the bag. A short time later a police car arrived.

The 1986 Buick was found less than two minutes later approximately two miles from Hughs Road and the AmSouth Bank. The engine was still running. A witness saw the robbers get out of the 1986 Buick and get into a second car, possibly with Illinois license plates. This "switch car" was driven by William Barlow. Inspection of the 1986 Buick determined that the drivers side lock had been punched out and the car had been wired to start. It had not been reported stolen but a contact of the registered owner determined that the car had been stolen earlier in the day without their knowledge.

An audit done at AmSouth Bank after the robbery determined that $103, 635.35 was missing from the cash balance. However, $21,699.00 was recovered shortly after the robbery after the robbers had discarded a bag of money which contained an exploded dye pack. Thus, the net loss to the bank from the robbery is $81, 966.35.

William Barlow and Daniel Barlow have confessed to this bank robbery and other robberies. Devon Modacure's whereabouts are currently unknown and he has not been interviewed about this crime. The other two individuals who participated in this robbery refused to give a statement. They will be indicted at a later date.

(d) <u>Restitution</u>: The parties agree that the Court must consider ordering restitution at

sentencing. It is the position of the United States that <u>AmSouth Bank, N.A.</u> is the victim of the

defendant's conduct and that approximately <u>$81,966.35</u> is owed in restitution to the victim.

(e) <u>Special Assessment Fee</u>: The defendant will bring to the sentencing a money order or cashier's check in an amount equal to $100, payable to the "Clerk, United States District Court" by virtue of the special assessment requirement of Title 18, United States Code, Section 3013. Immediately upon sentencing the defendant will pay the assessment to the Clerk of the Court.

II. <u>CONDITIONS AND UNDERSTANDINGS</u>: The following conditions and understandings apply to the above stated plea agreement:

POSSIBLE SENTENCES AND THE GUIDELINES

(1) <u>Maximum Possible Sentences</u>: The defendant is aware of the maximum possible punishments under the Indictment. The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, and other costs and losses.

(2) <u>Special Assessment Fees</u>: The law requires that Special Assessment fees be imposed. The assessment fee on Count One of the Indictment is $<u>100</u>. The defendant agrees the special assessment fee will be paid in full to the Clerk of the District Court **at the time of sentencing.**

(3) <u>Restitution</u>: The court must consider ordering restitution. 18 U.S.C. § 3556. In each order of restitution the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). Under the Mandatory Restitution to Victims Act (MRVA) restitution is mandatory and requires the court to order full restitution for any offense that is a crime of violence, or where the victim has suffered a physical injury or pecuniary loss, or for other specified crimes defined by statute, 18 U.S.C. § 3663A. For limited offenses which are statutorily excepted from the MRVA, the amount of restitution to be paid by

3

the defendant is discretionary with the court. Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. 18 U.S.C. § 3664(e). It is understood that the United States, any victim, and the defendant have a right to allocation concerning restitution, including the amount and the method and manner of payment.

(4) Guidelines: Congress has created Sentencing Guidelines which set a sentencing range in this case. These Guidelines take into consideration, among other things, the nature and consequences of the offense, the defendant's role in the offense, other conduct of the defendant and/or coconspirators relevant to the offense, whether the defendant has accepted responsibility, whether the defendant has obstructed justice, and the defendant's criminal record. The Guidelines may require or suggest a variety of punitive measures other than or in addition to simple incarceration.

The defendant and the defendant's attorney are aware of the Sentencing Guidelines and have studied their application to this case. The defendant is aware that the Guidelines can be complicated. The defendant is further aware that the Court ultimately calculates the Guidelines range applicable to this case and is not bound by the defendant's or the United States Attorney's calculations.

The Court may even decide that the recommended sentence is not within the Guidelines range and may not follow the recommendation for that reason. Also, the Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentences under the law. The court may, in its discretion, refuse to grant any motion by the government for downward departure based on upon substantial assistance furnished by the defendant.

4

D.B

(5) <u>Non-binding</u>: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(6) <u>Sentencing Information</u>: The United States may make any facts or evidence it deems relevant to sentencing known to the Court. The United States reserves full rights of allocution.

(7) <u>Supervised Release</u>: The defendant is aware that the Court must impose a term of supervised release to commence following the completion of any custodial portion of the defendant's sentence. The defendant understands that violation of the terms of the conditions for supervised release could result in the imposition of additional imprisonment and custodial time to be served.

### WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the defendant may not withdraw the plea of guilty.

### FAMILIARITY WITH CHARGES

The defendant is aware of the charges, and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements of each count.

### ACKNOWLEDGMENT OF GUILT

The defendant is pleading guilty to the charges described above because the defendant is in fact guilty and for no other reason.

### COOPERATION - IN GENERAL

The defendant will cooperate fully with the United States and with any federal, state or local law enforcement agency designated by the United States Attorney. As used in this

D.B

Agreement, "cooperation" requires the defendant to participate in the following manner related to the investigation of controlled substances and any individuals involved in this investigation about whom the defendant has information which may be of interest to the United States.

     (a)    to attend all meetings, grand jury sessions, trials and other proceedings as requested or as compelled by subpoena or court order;

     (b)    to respond truthfully and completely to any and all questions or inquiries, whether in interviews, before a grand jury or at any trials or other court proceedings;

     (c)    to produce documents, records or other tangible evidence as requested; and,

     (d)    to submit to polygraph examinations if requested.

The United States is not required to accept any cooperation or assistance that the defendant chooses to proffer.

It is repeated that the defendant must at all times give complete, truthful and accurate information and testimony while cooperating with the United States.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be false, misleading or materially incomplete, or if the defendant otherwise violates this Agreement in any way, the United States will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution or sentencing recommendation, as set forth above. The defendant shall, thereafter, be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to perjury, false statements and obstruction of justice.

6

D.B

Should the defendant during his debriefing or testimony pursuant to this plea agreement with the United States implicate himself in other criminal activity which occurred prior to entry into this agreement, this will not be used directly or indirectly to initiate or pursue additional charges. This does not include any violent criminal activity, should the defendant have participated in such.

The defendant must not commit any crimes or participate in any criminal activity whatever while cooperating with the United States without the specific authority and direction of law enforcement officials and the United States Attorney.

## WAIVERS

By pleading guilty the defendant waives and agrees to waive any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone). At any such trial the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would have the burden of proving the case against the defendant beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the defendant elects to be tried by a judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The defendant would have the right to appeal a guilty verdict. All these rights and protections are hereby waived. The Defendant further waives his right or her right to appeal the conviction(s) and sentence as set out subsequently in this agreement.

7

D.B

## WAIVER OF RIGHT TO APPEAL

Defendant's right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255 have been explained to him and he understands those rights. As a part of this plea agreement, Defendant knowingly, intelligently, and voluntarily waives his right to appeal his conviction(s) and sentence and to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

_Defendant's Signature_

## COUNSEL

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

## NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The defendant is not relying on any representations from anyone regarding possible parole or release dates. This document represents the sole agreement and understanding between the defendant and the United States.

## OTHER DISTRICTS AND JURISDICTIONS

This document **DOES NOT BIND** any other United States Attorney in any other district, nor does it bind state or local authorities.

## TAX PROCEEDINGS

8

D.B

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings, related to the defendant's **tax liabilities**, if any.

### COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

### ACKNOWLEDGMENTS

1. I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and AGREE with all its provisions both individually and totally.

        27 FEB 03                          _Daniel Barlow_
        DATE                               DANIEL BARLOW

2. I have discussed this case with the defendant in detail and have advised the defendant of the defendant's rights and all possible defenses. The defendant has conveyed to me that the defendant understands this document and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

        27 FEB 03                          _Michael C. Hanle_
        DATE                               MICHAEL HANLE

3. I have reviewed this document and agree to its provisions.

                                           ALICE H. MARTIN
                                           United States Attorney

        2-27-03                            _Mary Stuart Burrell_
        DATE                               MARY STUART BURRELL
                                           Assistant United States Attorney

TRUE COPY:

By: _D. Cooper_

        P.10                               9        DB        2-27-03

                                                   FEB 18 '03 03:33PM

CLOSED

## U.S. District Court
## Northern District of Alabama (Northeastern)
## CRIMINAL DOCKET FOR CASE #: 5:02-cr-00603-RBP-TMP-3
## Internal Use Only

Case title: USA v. Modacure, et al

Date Filed: 12/30/2002
Date Terminated: 05/29/2003

Assigned to: Judge Robert B Propst
Referred to: US Magistrate Judge T
Michael Putnam

**Defendant**

**Daniel Barlow** (3)
*TERMINATED: 06/02/2003*

represented by **Michael P Hanle**
1330 21st Way South, Suite 200
Birmingham, AL 35205
205-930-9717
Fax: 205-933-0101
Email: hanlelaw@bellsouth.net
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2113(a), 2113(d) and 2(a) BANK ROBBERY BY FORCE OR VIOLENCE - Aid/Abet (1) | CBP 66 mos; SRT 36 mos; No Fine; Rest due jointly/severally; Asmt Fee $100.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**United States of America**
*TERMINATED: 11/03/2003*

represented by **Alice H Martin, US Attorney**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Email: alice.martin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**US Marshal**
UNITED STATES MARSHAL'S
OFFICE
Hugo Black Federal Courthouse, Room
240
1729 5th Avenue North
Birmingham, AL 35203
205-731-1712
Email: usms-aln-courts@usdoj.gov
*ATTORNEY TO BE NOTICED*

**US Probation**
UNITED STATES PROBATION
OFFICE
Hugo Black Courthouse, Room 201
1729 5th Avenue, North
Birmingham, AL 35203
278-2100
Email:
alnpdb_cmecf@alnp.uscourts.gov
*ATTORNEY TO BE NOTICED*

**Mary Stuart Burrell**
US ATTORNEY'S OFFICE
400 Meridian Street, Suite 304
Huntsville, AL 35801
256-534-8285
Fax: 256-539-3270
Email: mary.stuart.burrell@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/30/2002 | 1 | INDICTMENT (referred to Magistrate-Judge T M. Putnam ) filed by USA Counts filed against Devon Modacure (1) count(s) 1, 2, William Barlow (2) count(s) 1, Daniel Barlow (3) count(s) 1 (YMB) (Entered: 01/01/2003) |
| 12/30/2002 | | Devon Modacure: Address Unknown; William Barlow: Chicago MCC, Inmate #07022-027, 71 West Van Buren Street, Chicago, IL 60605; Daniel Barlow: Chicago MCC, Inmate #07012-027, 71 West Van Buren |

| | | |
|---|---|---|
| | | Street, Chicago, IL 60605 (YMB) (Entered: 01/01/2003) |
| 12/30/2002 | | PRAECIPE (JEO) for warrant as to all dfts (YMB) (Entered: 01/01/2003) |
| 12/30/2002 | | ARREST Warrant issued for Daniel Barlow ( by order of Magistrate-Judge John E. Ott ) del USM (YMB) (Entered: 01/01/2003) |
| 12/30/2002 | | Docket Modification (Utility) LC as to dfts William & Daniel Barlow, Chicago MCC (YMB) (Entered: 01/01/2003) |
| 01/06/2003 | | Docket Modification (Utility) LC dfts William Barlow and Daniel Barlow (USMS, N/IN, Hammond, IN) (Former Employee) (Entered: 01/06/2003) |
| 01/24/2003 | | COURTROOM NOTES ( before Magistrate-Judge John E. Ott ): ARRAIGNMENT of dft Daniel Barlow ; not guilty plea entered; dft requested ct-apptd counsel and Attorney Michael P Hanle was apptd and present; dft remanded to the custody of the Marshal CrtRptr Lindy Fuller (RLD) (Entered: 01/24/2003) |
| 01/27/2003 | 2 | APPEARANCE for defendant Daniel Barlow by Attorney Michael P. Hanle filed (Former Employee) (Entered: 01/27/2003) |
| 01/27/2003 | 3 | REQUEST for disclosure by defendant Daniel Barlow filed cm USA (Former Employee) (Entered: 01/27/2003) |
| 01/27/2003 | 4 | MOTION for discovery and brief in support by defendant Daniel Barlow filed cs (Former Employee) (Entered: 01/27/2003) |
| 01/27/2003 | 5 | MOTION for early disclosure of "Jencks" mat'l & incorporated memo of law by defendant Daniel Barlow filed cs (Former Employee) (Entered: 01/27/2003) |
| 01/27/2003 | 6 | MOTION for disclosure of gov't intent to use Rule 404(b) evid by defendant Daniel Barlow filed cs (Former Employee) (Entered: 01/27/2003) |
| 01/28/2003 | 9 | RESPONSE & Reciprocal Discovery Request by plaintiff USA regarding [8-1] filed as to dft William Barlow cs (Former Employee) (Entered: 01/29/2003) |
| 01/28/2003 | 10 | RESPONSE & Reciprocal Discovery Request by plaintiff USA regarding [3-1] as to dft Daniel Barlow filed cs (Former Employee) (Entered: 01/29/2003) |
| 01/30/2003 | | Docket Modification (Utility) ; pretrial conference set for 11:00 2/3/03 for Devon Modacure, for William Barlow, for Daniel Barlow (Former Employee) (Entered: 01/30/2003) |
| 02/03/2003 | 11 | 4 - ORDER ( by Magistrate-Judge T M. Putnam ) terminating motion for discovery and brief in support by defendant Daniel Barlow [4-1] - treat as a disc req. cm (YMB) (Entered: 02/12/2003) |
| 02/03/2003 | 12 | 5 - ORDER ( by Magistrate-Judge T M. Putnam ) denying motion for early disclosure of "Jencks" mat'l & incorporated memo of law by |

| | | defendant Daniel Barlow [5-1] cm (YMB) (Entered: 02/12/2003) |
|---|---|---|
| 02/03/2003 | 13 | 6 - ORDER ( by Magistrate-Judge T M Putnam ) granting motion for disclosure of gov't intent to use Rule 404(b) evid by defendant Daniel Barlow [6-1] cm (YMB) (Entered: 02/12/2003) |
| 02/14/2003 | 14 | ORDER (by Magistrate-Judge T M Putnam) change of plea hearing (consent) set before Judge Propst for 11:00 2/20/03 for William Barlow, for Daniel Barlow filed cm (Former Employee) (Entered: 02/14/2003) |
| 02/19/2003 | | Docket Modification (Utility) ; change of plea hearing (consent) reset for 3:00 2/27/03 for William Barlow, for Daniel Barlow (SCL) (Entered: 02/19/2003) |
| 02/25/2003 | 15 | Further RESPONSE by plaintiff USA regarding dft William Barlow's req for discl [8-1] filed cs (YMB) (Entered: 02/26/2003) |
| 02/25/2003 | 16 | Further RESPONSE by plaintiff USA regarding dft Daniel Barlow's req for discl [3-1] filed cs (YMB) (Entered: 02/26/2003) |
| 02/27/2003 | | COURTROOM NOTES ( before Judge Robert B. Propst ): change of plea hearing (consent) held on 2/27/03 , guilty plea entered by William Barlow, Daniel Barlow - plea agreements filed in open court - sentencing hearing set for 9:45 5/29/03 for William Barlow, for Daniel Barlow dfts remanded to custody of USM CrtRptr Chanetta Sinkfield (SCL) (Entered: 02/28/2003) |
| 02/27/2003 | 18 | PLEA Agreement as to Daniel Barlow filed (SCL) (Entered: 02/28/2003) |
| 05/06/2003 | 21 | OBJECTIONS to PSR by defendant Daniel Barlow filed cs xc USP (SEAL) (Entered: 05/06/2003) |
| 05/12/2003 | | Docket Modification (Utility) sentencing hearing reset for 1:30 5/29/03 for Daniel Barlow (SCL) (Entered: 05/12/2003) |
| 05/15/2003 | 24 | MOTION for downward departure by USA as to Daniel Barlow filed cs (Former Employee) (Entered: 05/15/2003) |
| 05/19/2003 | 26 | CJA Form 20 Copy 4 (Appointment of Counsel) Attorney Don Colee npt 5/16/03 for Devon Modacure (CJV) (Entered: 05/19/2003) |
| 05/28/2003 | 30 | ORDER (by Chief Mag-Judge T M Putnam) pretrial conference set for 10:00 6/5/03 for Devon Modacure filed (Former Employee) (Entered: 05/29/2003) |
| 05/29/2003 | | COURTROOM NOTES ( before Judge Robert B. Propst ): sentencing hearing held on 5/29/03 ; order (oral) granting govt's motion for downward departure - SENTENCE: Custody of BOP 60 mos; SR 3 yrs subj to std conditions & s/cond as dictated on record; REST: $80,541.00 jointly/severally; A/Fee $100; dft remanded to custody of USM CrtRptr Virginia Flowers (SCL) (Entered: 05/30/2003) |
| 05/29/2003 | | COURTROOM NOTES ( before Judge Robert B. Propst ): sentencing hearing held on 5/29/03 ; order (oral) granting govt's motion for downward departure; SENTENCE: Custody of BOP 66 mos; SR 36 mos |

| | | |
|---|---|---|
| | | subj to std conditions & s/cond as dictated on record; REST: $80,541 jointly/severally; A/Fee $100; dft remanded to custody of USM CrtRptr Virginia Flowers (SCL) (Entered: 05/30/2003) |
| 05/29/2003 | | SENTENCING ( by Judge Robert B. Propst ): , sentencing Daniel Barlow (3) count(s) 1. CBP 66 mos; SRT 36 mos; No Fine; Rest due jointly/severally; Asmt Fee $100.00 (Former Employee) (Entered: 06/04/2003) |
| 06/02/2003 | 35 | PRESENTENCE Report on Daniel Barlow filed under seal cm USPO (Former Employee) (Entered: 06/04/2003) |
| 06/02/2003 | 36 | SENTENCING RECOMMENDATIONS as to Daniel Barlow filed under seal cm USPO (Former Employee) (Entered: 06/04/2003) |
| 06/02/2003 | 37 | JUDGMENT and Commitment as to Daniel Barlow ( by Judge Robert B. Propst ) terminating party Daniel Barlow filed cm del USM (Former Employee) (Entered: 06/04/2003) |
| 06/03/2003 | 31 | ORDER ( by Magistrate-Judge T M. Putnam ) pretrial conference prev sched on 06/05/03 is cancelled , ; change of plea hearing (consent) set for 8:30 7/1/03 for Devon Modacure filed cm (Former Employee) (Entered: 06/03/2003) |
| 07/02/2003 | | Docket Modification (Utility) ; change of plea hearing (consent) reset for 9:00 7/8/03 for Devon Modacure (SCL) (Entered: 07/02/2003) |
| 07/14/2003 | | Docket Modification (Utility) sentencing hearing set for 9:00 10/30/03 for Devon Modacure (SCL) (Entered: 07/14/2003) |
| 10/07/2003 | 40 | ARREST Warrant returned unexecuted as to Daniel Barlow , replaced by J&C filed (Former Employee) (Entered: 10/08/2003) |
| 10/30/2003 | | COURTROOM NOTES ( before Judge Robert B. Propst ): sentencing hearing held on 10/30/03 ; waiver of provisions of Rule 32 executed & filed - govt's motion for downward departure granted by oral order of court - SENTENCE: Custody of BOP 32 mos as to ct 1; 7 years as to ct 2 to run consecutive to ct 1; SR 5 yrs subj to std conditions & special conditions as dictated on record - REST: $80,541.00 jointly/severally w/codfts; A/Fee $200; dft remanded to custody of USM CrtRptr Carla Johnson (SCL) Modified on 10/30/2003 (Entered: 10/30/2003) |
| 10/30/2003 | | Docket Modification (Utility) terminating motion for downward departure by USA as to Devon Modacure [41-1]; orally granted by order of court on 10/30/03 (SCL) (Entered: 10/30/2003) |
| 11/03/2003 | | Docket Modification (Utility), terminating party Devon Modacure, party USA pursuant to doc 45 (DWC) (Entered: 11/04/2003) |
| 03/31/2004 | 49 | JUDGMENT and Commitment returned executed on 12/18/03 to FCI Greenville, IL as to Daniel Barlow (3) count(s) 1 filed (YMB) (Entered: 03/31/2004) |
| 11/01/2004 | 52 | ORDER -It is hereby ORDERED that United States is DIRECTED to |

| | | appear and show cause in writing w/i 20 days why relief requested by movant should not be granted filed ( by Magistrate-Judge T M. Putnam ) cm/with petition (MAA) (Entered: 11/01/2004) |
|---|---|---|
| 03/31/2008 | ◑57 | Probation Jurisdiction Transferred to ND/IL as to Daniel Barlow Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment, docket sheet and financial report. (DWC, ) (Entered: 03/31/2008) |



TRUE COPY:

By: _D. Cooper_

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER (Tran. Court)<br>CR-02-PT-603-NE |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF SUPERVISED RELEASEE<br>DANIEL BARLOW<br>9027 S. Kingston Avenue<br>Chicago, IL 60617 | DISTRICT<br>ND/AL | DIVISION<br>NORTHERN EASTERN |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br>Honorable Robert B. Propst | |
| | DATES OF SUPERVISED<br>RELEASE | FROM<br>02/28/2008 | TO<br>02/27/2011 |

OFFENSE
18 U.S.C. §2113(a), 2113(d) and 2(a); Armed Bank Robbery (Aiding and Abetting)

**08CR    249**

**DOCKETED**

MAR 2 8 2008

JUDGE AMY ST. EVE

MAGISTRATE JUDGE KEYS

KC **FILED**
3-26-08
MAR 2 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    NORTHERN DISTRICT OF ALABAMA

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the    NORTHERN DISTRICT OF ILLINOIS    upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 3/5/2008 | _Robert B. Propst_ | |
|---|---|---|
| Date | United States District Judge | |

*This sentence may be deleted in the discretion of the transferring Court.

| **PART 2 - ORDER ACCEPTING JURISDICTION** | TRUE COPY: |
|---|---|
| | By: _D. Cooper_ |

UNITED STATES DISTRICT COURT FOR THE    NORTHERN DISTRICT OF ILLINOIS

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

| MAR 2 5 2008 | DATE: 3-28-08 | _James F. Holderman_ |
|---|---|---|
| Effective date | | United States District Judge |